MARY A. ROGERO ET AL., APPELLANTS, VS. GUSTAVUS E. ZIPPEL, APPELLEE.

1. Under the act of March 15th, 1843, Section 4, p. 514, McClellan's Digest, enacting that the printed copies of the statute laws of any of the United States or the territories, if purporting to be published under the authority of the respective governments, or if commonly admitted and read as evidence in their courts, shall be admitted in all courts of law and on all other occasions in this State as *prima facie* evidence of such law, a printed vol-

ume purporting to contain the statute laws of another state is not admissible as evidence unless it purports to have been published under the authority of such other state, or is proved to be commonly admitted and read as evidence in the courts of that state. Our courts do not take judicial knowledge of the fact that a volume not purporting to have been so published is commonly admittted and read as evidence in the courts of the of the state or territory whose statutes it purports to contain.

2. The seventh edition of the "Revised Statutes of New York," edited by Montgomery H. Throop and published by Banks & Brothers, A. D. 1882, held inadmissible here in the absence of proof that it is commonly admitted and read as evidence in the courts of New York, and this notwithstanding the printed certificate therein of the secretary of state of New York as to such volume's containing a correct transcript of the Revised Statutes as originally published.

Appeal from the Circuit Court for Putnam county.

The facts of the case are stated in the opinion of the court.

*Calhoun, Gillis & De Witt* for Appellants.

*George P. Fowler* for Appellee.

RANEY, C. J.:

Appellee sued appellants, who are husband and wife, in ejectment, to recover a described portion of Lot 1 in Section 12, T. 10, S., R. 26 E, situate in Putnam county; and they pleaded the general issue. On the trial before a jury the plaintiff after showing title from the United States to his father, Gustavus E. Zippel, offered in evidence an instrument in writing, purporting to be a deed of conveyance in fee of the *locus in quo*, executed August 14th, 1883, by Gustavus E. Zippel and Julia M. Zippel, his wife, the former of the city, county and state of New York, and the latter of the

township of East Orange, county of Essex, state of New Jersey, to Gustavus E. Zippel, Jr., of the stated township. There is but one subscribing witness to the instrument. Its execution appears to have been acknowledged before a notary public in the city of New York on the day mentioned above. The attorneys for the defendants objected to the introduction of the deed on the ground that it purported to have been executed in the presence of only one witness, instead of two witnesses as required by the laws of Florida; and upon the objection being sustained by the court, the plaintiff testified that the deed was executed in the state of New York.

Then the plaintiff, to prove the law of the state of New York in relation to conveyances of realty, and that the deed was executed in accordance therewith, offered in evidence a certain series of books consisting of three volumes, numbered Vol. I, II, III, and designated on the back of each: "Revised Statutes of New York." "Banks & Brothers, Seventh Edition." The title page of each of said volumes being, says the bill of exceptions, "in words and figures as follows, with the exception as to the statement of the contents of each volume (which statement of contents contains no authority for publication):" "THE REVISED STATUTES OF THE STATE OF NEW YORK AS ALTERED BY SUBSEQUNT LEGISLATION; TOGETHER WITH THE OTHER STATUTORY PROVISIONS OF A GENERAL AND PERMANENT NATURE NOW IN FORCE, PASSED FROM THE YEAR 1778 TO THE CLOSE OF THE SESSION OF THE LEGISLATURE OF 1881, ARRANGED IN CONNECTION WITH THE SAME OR KINDRED SUBJECTS IN THE REVISED STATUTES ; TO WHICH ARE ADDED REFERENCES TO JUDICIAL DE-

CISIONS UPON THE PROVISIONS CONTAINED IN THE TEXT, EXPLANATORY NOTES, AND A FULL AND COMPLETE INDEX. EDITED BY MONTGOMERY H. THROOP, COUNCELLOR-AT-LAW. SEVENTH EDITION, 1882. BANKS & BROTHERS, LAW-BOOK SELLERS, 473, & 475 BROADWAY, ALBANY, N. Y. 144 NASSAU STREET, NEW YORK."

Volume I contains a printed certificate by Joseph B. Carr, Secretary of State of New York, certifying "that so much of the matter contained in the text of this edition of the Revised Statutes as purports to be a copy thereof, is a correct transcript of the text of the Revised Statutes as originally published under the authority of the State, except such typographical errors in the original as have been corrected in the copy, and except such parts as have been altered by acts of the legislature, and that with respect to such parts it conforms to the acts by which such alterations have been made." Its conclusion, omitting the signature and title of office, is: "In witness thereof, I have hereto set my signature at the city of Albany this 12th day of December, 1881."

To the introduction of these books defendants objected because the books did not purport to be authentic and properly authorized publications under the authority of the government of the state of New York; and because plaintiff had not shown that said publication so offered as such proof was commonly admitted and read as evidence in the courts of the state of New York. The court overruled the objection and admitted such "books published as aforesaid as evidence and as properly authenticated publication of the statute laws of the state of New York;" and to this ruling defendants excepted.

Plaintiff's counsel then read from Vol. III, Article Fourth, Title: Of Alienation by Deed, Section 137, page 2194, as follows: "Every grant in fee or of a freehold estate shall be subscribed and sealed by the person from whom the estate or interest conveyed is intended to be passed, or his lawful agent; if not duly acknowledged, previous to its delivery, according to the provisions of the third chapter of this act, its execution and delivery shall be attested by at least one witness, or if not so attested. it shall not take effect as against a purchaser or incumbrancer until so acknowledged."

Defendants objected further to the introduction of said deed on the ground that plaintiff had not proved by such publication. or by other proof, that the deed was executed according to the laws of New York in force at the date of the alleged execution of such deed, viz: August 14th, 1883, such publication as read and proven only purporting to be the statute law of New York in force at the close of the session of the New York legislature of 1881. The objection was overruled and exception duly noted, and the deed was read and filed in evidence. Plaintiff then testified that the land described in the deed was the same as that described in the declaration; and defendants offering no testimony, there were verdict and judgment for the plaintiff.

The volumes referred to have not been sent up to this court; but what is stated as to them is taken entirely from the bill of exceptions.

It is provided by Section 16, p. 218 McClellan's Digest, act of February 24th, 1873, that deeds executed in this State of lands, or any interest in lands therein, shall be executed in the presence of two witnesses who shall subscribe their names to the same as such, and after

designating the officers before whom the execution of any such deed or conveyance may be acknowledged, it is further provided that if any such deed or conveyance of land shall be executed in any other state, territory or district, of the United States, such deed may be executed according to the laws of such state, territory or district, and the execution thereof may be acknowledged before certain officers there designated.

The act of March 15th, 1843, Section 4, p. 342 Thompson's Digest, Section 4, p. 514 McClellan's Digest, enacts that the printed copies of the statute laws of any of the United States or of the territories thereof, if purporting to be published under the authority of the respective governments, or if commonly admitted and read as evidence in their courts, shall be admitted in all courts of law, and on all other occasions in this State, as *prima facie* evidence of such laws.

We can not see that the volumes offered in evidence are printed copies of the statute laws of New York purporting to be published under authority of the government of the state of New York. They do not purport to be published under such authority. The certificate of the secretary of state does not so state, nor does anything presented by the bill of exceptions. If it be that these volumes are commonly admitted and read in evidence in the courts of New York, there is no evidence in the bill of exceptions to prove the fact; nor can we take judicial notice of the fact, if such it be. It is unnecessary to notice the other question.

The judgment is reversed and a new trial awarded.